IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHRISTOPHER ALAN ANDREWS                                                          PLAINTIFF
ADC #123511

V.                                        NO. 2:07cv00011 JLH-JWC

CORRECTIONAL MEDICAL SERVICES, et al                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II. Recommended Disposition

On January 23, 2007, Plaintiff, a pro se inmate who at the time was confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #1).  Plaintiff did not submit the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  It also did not appear that Plaintiff had fully exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

So that the Court could determine how the $350 filing fee would be paid, by order entered February 6, 2007 (docket entry #2), Plaintiff was directed to either complete and sign a new in forma pauperis application or to submit the statutory filing fee in full.  Plaintiff was directed to comply with that directive on or before March 8, 2007.

In addition, Plaintiff's complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A.  Accordingly, Plaintiff was also ordered to amend his complaint on or before March 8, 2007, to specifically state: 1) how Defendants Bradshaw, Morehead, and Harmon were personally

involved in, aware of, or had knowledge of the actions of which he complained; 2) how Defendants Bradshaw, Morehead, and Harmon violated his constitutional rights; 3) whether he was alleging that Defendant, Correctional Medical Services, had a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct, which caused the constitutional injury at issue; 4) a description of the physical injuries he had sustained; and 5) whether he sued Defendants in an individual capacity, official capacity, or both.  Plaintiff was instructed to set forth specific facts concerning his allegations including, where applicable, dates, times and places.  Plaintiff was additionally warned that his failure to make a timely and complete response to the Court's order would result in a recommended dismissal of his case without prejudice.

The Court's February 6, 2007, order has been returned, marked "Paroled Out To Oklahoma" (docket entry #4) and Plaintiff has failed to inform the Court of any change in his address.  This case should therefore be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent

power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. Any PENDING MOTIONS should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

DATED this 9th day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.